**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN MICHIGAN**

ANTONIO CHIBINDA,

    Plaintiff,

v.

    Case No.

    Hon.

JBS USA, LLC, a foreign limited liability company,

    Defendant.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

NOW COMES, Plaintiff, Antonio Chibinda (hereinafter "Chibinda"), by and through his attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for his Complaint against Defendant states as follows:

1. Plaintiff, Antonio Chibinda, is a resident of the City of Kalamazoo, County of Kalamazoo and State of Michigan.

2. Defendant, JBS USA Saline, LLC ("JBS") is a foreign limited liability company duly authorized to conduct business throughout the southeastern district of Michigan, whose resident agent is CS&CL Bureau, Corporations Division and whose principal place of business in the State of Michigan is located at 11 11th St, Plainwell, Michigan 49080.

3. The events producing the original injury occurred in Kalamazoo County, Michigan.

4. Jurisdiction and venue are proper in the District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

5. Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendant constituting harassment, discrimination, adverse employment action and wrongful termination which resulted in emotional and economic damages to the Plaintiff in violation of the Family and Medical Leave Act ("FMLA").

6. The amount in controversy exceeds $75,000.00 and is otherwise within the Jurisdiction of this Court.

## GENERAL ALLEGATIONS

7. Plaintiff incorporates by reference paragraphs 1 through 6 of the Complaint as though fully set forth herein.

8. Plaintiff, Antonio Chibinda is a male who began his employment with Defendant, JBS in April, 2014 and was most recently employed as a Training Manager.

9. On or about November 1, 2018 Plaintiff was at work when he was contacted by Defendant, USA's company nurse that his wife, who at the time, was also employed by Defendant, USA was ill with a serious medical condition and that he needed to immediately take her home.

10. Plaintiff immediately advised his supervisor, Nick Harrington that his wife was ill with a serious medical condition and that he needed to leave work to take her home.

11. On his way home, Plaintiff took his wife to her physician's office where she was seen and told she needed to see a specialist.

12. Plaintiff then took his wife home where he cared for her while remaining in contact with his supervisor at JBS.

13. On November 3, 2018 Plaintiff awoke in the morning to find his wife suffering from severe pain so he took her to the Emergency Room of the hospital.

14. Before leaving for the hospital Plaintiff contacted his subordinates to advise them he was still caring for his ill wife.

15. Plaintiff was then in the process of contacting Mr. Harrington, when Mr. Harrington called him yelling and screaming that Plaintiff was needed at work.

16. Plaintiff told him he would try to make it to work, but that he first needed to care for his wife who was suffering from a serious medical condition and that he wanted to use Family Medical Leave Act ("FMLA") time to care for his wife.

17. Upon hearing Plaintiff requesting FMLA leave Mr. Harrington became even more angry and he demanded to see Plaintiff as soon as possible.

18. Plaintiff then took his wife to the Emergency Room only to find it too crowded so he then took her to see Dr. Lee whose office told them he would need a referral to see her.

19. Plaintiff then took his wife home and went to work to see Mr. Harrington.

20. Upon arriving at Defendant, JBS Plaintiff was restricted from entering the building and Mr. Harrington sent Andre Jackson from Human Resources to escort Plaintiff into the building.

21. Plaintiff met with Mr. Harrington and they discussed Plaintiff's request for FMLA leave and Mr. Harrington instructed Plaintiff to provide "all documentation for your wife's medical condition."

22. Mr. Harrington then suspended Plaintiff without pay in retaliation for his request of FMLA leave.

23. Plaintiff left JBS and took his wife to the Emergency Room where they stayed from approximately 4:00 p.m. Friday, November 2, 2018 until 2:00 a.m., Saturday November 3, 2018.

24. Plaintiff provided Defendant with all the forms it requested to process his request for FMLA and did everything he needed to do to comply with Defendant's requirements to be approved for FMLA.

25. In addition to providing Defendant, JBS with all documentation requested by Defendant available to Plaintiff, Plaintiff sent Mr. Harrington photographs of his wife in the hospital to verify he was with her in the hospital.

26. On Monday, November 5, 2018 Plaintiff arrived at work in the morning and was immediately terminated due to his request and exercise of FMLA leave.

27. At all times relevant Plaintiff was qualified for FMLA leave to care for his ill wife and at all times Plaintiff did everything necessary and provided all medical documentation at his disposal in requesting FMLA leave.

28. At no time did Defendant, JBS advise Plaintiff that he needed additional medical documentation or additional forms signed by his wife's physician's or the hospital.

29. During the time period in question, Defendant, JBS was Plaintiff's employer and Plaintiff was its employee within the meaning of the FMLA.

30. Defendant' actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

## COUNT I
## VIOLATION OF THE FMLA

31. Plaintiff incorporates by reference paragraphs 1 through 30 of the Complaint as though fully set forth herein.

32. JBS was Plaintiff's "employer" within the meaning of the FMLA.

33. Plaintiff requested and was given the impression he was approved for intermittent medical leaves which were protected under FMLA and which were approved by the Employer.

34. Defendant violated the FMLA by harassing, discriminating against, and/or retaliating, against the Plaintiff in significant part because he exercised rights under the FMLA, by terminating Plaintiff.

35.     As a direct and proximate result, Plaintiff has sustained damages including, but not limited to loss of income and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest, attorney fees and punitive/treble damages as allowed by statute and any other relief this Honorable Court deems appropriate.

## COUNT II
## DISCRIMINATION IN VIOLATION OF 29 U.S.C. § 2614(a)(1)

36.     Plaintiff incorporates by reference paragraphs 1 through 35 of the Complaint as though fully set forth herein.

37.     JBS was Plaintiff's "employer" within the meaning of the 29 U.S.C. § 2614(a)(1).

38.     "Employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions", including termination.

39.     Plaintiff engaged in activity protected by the FMLA when he requested and was given the impression he was approved for FMLA leave.

40.     The FMLA leaves were approved by Defendant.

41.     Defendant took adverse action against Plaintiff by terminating him after he returned from FMLA leave.

42.     As a result of Plaintiff asserting his right to a FMLA leave, he was subjected to adverse employment action including termination.

43.     As a direct and proximate result, Plaintiff has sustained damages including, but not limited to the following:

   a.    Loss of income;

   b.    Loss of fringe benefits;

   c.    Emotional pain and suffering;

   d.    Severe mental anguish and distress;

5

  e. Embarrassment and humiliation;

  f. Fright, shock, and mortification;

  g. Loss of earnings and other employment benefits; and

  h. Costs and attorney fees.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, plus exemplary/treble damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

       Respectfully submitted,

       **BATEY LAW FIRM, PLLC**

     By: /s/Scott P. Batey
       SCOTT P. BATEY (P54711)
       Attorney for Plaintiff
       30200 Telegraph Road, Suite 400
       Bingham Farms, Michigan 48025
       (248) 540-6800-telephone
       (248) 540-6814-fax
       sbatey@bateylaw.com

Dated: January 14, 2019

## **DEMAND FOR JURY TRIAL**

NOW COMES, Plaintiff, Antonio Chibinda, by and through his attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

       Respectfully submitted,

       **BATEY LAW FIRM, PLLC**

     By: /s/Scott P. Batey
       SCOTT P. BATEY (P54711)
       Attorney for Plaintiff
       30200 Telegraph Road, Suite 400
       Bingham Farms, Michigan 48025
       (248) 540-6800-telephone
       (248) 540-6814-fax
       sbatey@bateylaw.com

Dated:  January 14, 2019